IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| TAFFORD OLTZ and LaRAYNE OLTZ, | CV 16–124–M–DWM |
| Plaintiffs, | ORDER |
| vs. | |
| SAFECO INSURANCE COMPANY OF AMERICA, | |
| Defendant. | |

Defendant Safeco Insurance requests an order excluding the testimony of Plaintiffs Tafford and LaRane Oltz's expert witness, Certified Public Accountant Ernie Turner. (Doc. 21.) Safeco argues the Oltzes' expert disclosure regarding Mr. Turner fails to comply with Rule 26(a)(2)(B)(i)-(iv) of the Federal Rules of Civil Procedure. (Doc. 22 at 5.) The Oltzes oppose the motion.

An expert witness disclosure must contain, *inter alia*:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;
(ii) the facts or data considered by the witness in forming them;
(iii) any exhibits that will be used to summarize or support them; [and]
(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

Fed. R. Civ. P. 26(a)(2)(B). Contrary to Safeco's assertion, Turner's expert disclosure complies with the Rule.

First, the disclosure explains the opinion Turner will provide, as well as the basis and reason for that opinion. *See* Fed. R. Civ. P. 26(a)(2)(B)(i). Specifically, Turner states he has prepared an estimate of the amount of income the Oltzes lost because they had to withdraw money from an investment account to cover costs associated with water damages, and that "[t]he estimated amount of loss was calculated by determining the rate of return [the Oltzes] experienced on [their] investment account for the one-year period after [they] withdrew funds" with a rate of return provided by the Oltzes' investment advisor. (Doc. 22-1 at 15.)

Next, the disclosure provides "the facts or data considered" by Turner in forming his opinion. Fed. R. Civ. P. 26(a)(2)(B)(ii). Turner's report includes a spreadsheet detailing amounts the Oltzes paid, and the dates on which they paid them. (Doc. 22-1 at 16.) As noted above, it also explains how Turner used a rate of return provided by the Oltzes' investment advisor to calculate lost income.[1] The included spreadsheet also "summarize[s]" the facts Turner considered in

---

[1] By the same reasoning, Federal Rule of Evidence 702 does not bar Turner's expert testimony. The disclosure shows sufficient facts and reliable principles reliably applied. *See* Fed. R. Evid. 702(b)-(d).

forming his opinion. Fed. R. Civ. P. 26(a)(2)(B)(iii).

Finally, the disclosure also complies with the requirement that an expert disclosure include the witness's qualifications and a list of publications within the last 10 years. Fed. R. Civ. P. 26(a)(2)(B)(iv). It identifies Turner as a "certified Public Accountant in the States of Montana and Ohio" who has "has previously been licensed in Nevada and Colorado." (Doc. 22-1 at 17.) It further states he "has been certified for over 50 years" and "is a member of the American Institute of Certified Public Accountants, the Montana Society of Certified Public Accountants, and has been a member of the Business Valuation Committee of CPA Associates International." (*Id.*) While it does not include a list of publications, that is because Turner has not published within the relevant time period.

Despite Safeco's insistence otherwise, brevity alone does not disqualify Mr. Turner. Accordingly,

IT IS ORDERED that Safeco's motion (Doc. 21) is DENIED.

DATED this 6th day of December, 2017.

Donald W. Molloy, District Judge
United States District Court

-3-